## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

$10,032.00 in United States Currency,

Defendant.

Civil Action No. 5:18-CV-1285 [BKS/TWD]

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Grant C. Jaquith, United States Attorney for the Northern District of New York, and Mary E. Langan, Assistant United States Attorney, brings this Complaint and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1)      This is a civil action *in rem* to forfeit and condemn for the use and benefit of the United States of America the following property: $10,032.00 in United States Currency ("defendant currency"), representing the proceeds of, and property having facilitated, offenses in violation of 21 U.S.C. §§ 841, 844 and 846.

## THE DEFENDANT *IN REM*

2)      The $10,032.00 in United States currency was seized on June 13, 2018 at approximately 2:45 P.M. during a search of the residence of Toryan M. Jones ("Jones"), located at 603 Wright Avenue, Mattydale, New York, 13211, as well as the subsequent search of a vehicle known to be operated by Jones.

3)      The defendant currency is presently in the custody of the United States Marshal Service in Syracuse, New York.

## JURISDICTION AND VENUE

4)      The United States of America ("Plaintiff") brings this action *in rem* in its own right to forfeit and condemn the defendant currency.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction under 28 U.S.C. § 1355(b).

5)      Upon the filing of this Complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the defendant currency pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6)      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7)      For offenses in violation of 21 U.S.C. § 841 and § 846, the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 801 et seq., all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 881, *et seq*.

8)      For offenses in violation of 21 U.S.C. § 844, the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a), which provides for the forfeiture of property involved in, used, or intended to be used to facilitate violations of 21 U.S.C. § 844; specifically:

> all controlled substances which have been manufactured, distributed, dispensed or acquired in violation of 21 U.S.C. §§ 881, *et seq*.

## FACTS

9)      The facts alleged in this Complaint are based upon information and belief, the sources of which are reports from the Drug Enforcement Administration ("DEA"), and other written and oral information officially received by the Office of the United States Attorney for the Northern District of New York.

10)      On April 2, 2018, the Onondaga Sheriff's Office Special Investigations Unit received information from a confidential and reliable informant that an individual by the name of Toryan M. Jones ("Jones") was involved in the sale of cocaine.

11)      The informant was utilized by Onondaga County Detective Mark A. Grady ("Detective Grady") and other members of the Onondaga County Sheriff's Office to make controlled purchases of cocaine from Jones on three separate occasions.

12)      Each of the three purchases were conducted in the area of Jones' residence, located at 603 Wright Avenue, Mattydale, New York, 13211, between May 13, 2018 and June 10, 2018.

13)      On each occasion, detectives observed Jones leave his residence immediately prior to the sale, and return to the residence after the transaction had occurred.

14)      All substances recovered from the confidential informant were confirmed to be cocaine during field-testing.

15)      Members of the Onondaga County Sheriff's Office Special Investigations Unit also conducted surveillance of Jones on multiple occasions.  During surveillance, detectives observed Jones meeting with individuals in various parking lots around the Mattydale, New York area, engaging in conduct detectives found consistent with smaller quantity, street-level sales of narcotics.

16)     To further the investigation, on or about April 12, 2018, detectives conducted a "trash pull" of discarded trash from Jones' residence.  During this "trash pull," packaging consistent with street-level drug sales was found, including approximately six torn plastic bags, each containing a white powder residue which field tests confirmed to be cocaine.  Detectives also recovered numerous torn plastic bags with corners removed.[1]

17)     On June 13, 2018, Detective Grady applied for and received state search warrants for a white, 2018 Ford Explorer bearing New York license plate number HWV-5615, a vehicle detectives had observed Jones operating  during narcotics sales,[2] and for Jones' residence.

18)     On June 13, 2018, at approximately 2:45 P.M., Detective Grady and members of the Onondaga County Sheriff's Office set up surveillance of Jones' residence.  Jones was observed departing in the white Ford Explorer bearing New York license plate number HWV-5615.  As members of the team maintained surveillance of the residence, a traffic stop was conducted on Jones.  The vehicle was secured for later search.[3]

19)     Soon thereafter, detectives observed Tionna M. Reaves ("Claimant Reaves"), wife of Jones, leaving the residence and walking on foot in the direction of Malden Road, Mattydale. Detectives detained Claimant Reaves and the search warrant of the residence was executed.

---

[1] The corners of sandwich bags are commonly used for the packaging of small weight quantities of cocaine for sales, after breaking down a larger weight or block of compressed cocaine, such as was found in the target residence.  Having numerous corners of bags without the corresponding bag would be indicative of use, while having numerous bags with the corners missing is indicative of sales.

[2] Detectives later learned the vehicle had been rented by Claimant, Tionna M.Reaves.

[3] The vehicle search was conducted at approximately 4:23 P.M.  The vehicle was not searched at the time of the traffic stop in an attempt to preserve evidentiary value at the residence and to prevent a phone call being placed to Claimant Reaves prior to Jones being taken into custody.

20)     During the search of the residence, detectives recovered approximately 45 grams of cocaine, approximately 5 grams of Crack cocaine, approximately 3 grams of Marihuana, and $10,032.00 U.S. currency.[4]

21)     4 grams of Crack cocaine was located on the top of a tall dresser in the master bedroom in two clear, knotted plastic sandwich bags containing a beige, chunky substance.  Later field tests revealed the substance to be Crack cocaine.[5]   Located on the dresser with the Crack cocaine was mail addressed to Tionna M. Reaves, 603 Wright Avenue, Mattydale, New York, 13211, and mail from utility National Grid addressed to Toryan M. Jones, 603 Wright Avenue, Mattydale, New York, 13211.

22)     In a wide dresser drawer in the master bedroom, the following items were located:

   a)     a clear plastic sandwich bag containing a 1 gram of a beige, chunky substance.  Later field tests revealed the substance to be Crack cocaine.

   b)     a clear, knotted plastic bag  containing 44 grams of a compressed, white powder.  Field tests revealed the substance to be cocaine.

   c)     a CR brand digital scale with approximately 1 gram of a white powder residue.  Field tests revealed the substance to be cocaine.

23)     $520.00 of the defendant currency was located on the nightstand of the master bedroom in denominations as follows: 16 x $20.00 and 2 x $100.00.

---

[4]The total amount of currency seized was $10,332.00.  When the seized currency was later taken to M&T Bank for deposit, it was determined that three of the $100.00 bills were counterfeit bills, making the total valid currency seized $10,032.00.

[5] Samples of the alleged cocaine found in the residence were conducted during the execution of the search warrant using a Scott Reagent Modified Type G cocaine field test, resulting in positive reactions to the presence of cocaine.  The totality of the drugs were field tested at Onondaga County Head Quarters following the execution of all the search warrants.

24)     $9,780.00 of the defendant currency was located in the master bedroom walk-in closet in the pocket of a red jacket owned by Claimant Reaves in denominations as follows: 29 x $20.00, 2 x $50.00 and 91 x $100.00.

25)     In the living room of the residence, a Ziploc-style bag containing 3 grams of a green, plant-like material and a brown cigarette were located on the coffee table.  Later field tests confirmed the substance and cigarette to be Marihuana.

26)     After the search of the residence was executed, the vehicle search was conducted. During the search of the vehicle, detectives recovered a small amount of a green, plant-like material, which later field tests revealed was Marihuana.

27)     The Marihuana was found located in the vehicle's center console in a Ziploc-style bag in an amount consistent with a violation level offense, along with $32.00 of the defendant currency.  The $32.00 in defendant currency was in denominations as follows: 2 x $1.00, 2 x $5.00 and 1 x $20.00.

28)     Jones and Claimant Reaves were arrested and charged with Criminal Possession of a Controlled Substance in the 3rd degree (intent to sell a narcotic drug), Criminal Possession of a Controlled Substance in the 3rd degree (narcotic drug with aggregate weight of more than 1/2 ounce), Criminal Possession of a Controlled Substance in the 7th degree, three counts of Criminally Using Drug Paraphernalia in the 2nd degree and unlawful possession of marihuana.

29)     Jones and Claimant Reaves were then transported to the Onondaga County Sheriff's Office, where they were both incarcerated.

30)     The defendant currency was transported to the Onondaga County Sheriff's Office and secured under that agency's rules and regulations pending the outcome of a Federal Request for Adoption by the DEA.

31)     On July 9, 2018, the defendant currency was adopted by the DEA and converted into M&T Bank Check #101903351-4 and secured.  Check #101903351-4 was later transferred to the custody of the United States Marshal Service under that agency's rules and regulations.

32)     Claimant Reaves was released from jail on June 14, 2018.  Jones was released from jail on June 18, 2018.

33)     During both the booking process as well as during his arraignment before the Office of the Onondaga County District Attorney's Office ("the D.A."), Jones admitted that all of the cocaine found during the search belonged to him.

34)     Jones has prior felony convictions and prior arrests for drug offenses in the State of New York.

35)     On November 06, 2006, Jones was arrested and charged with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.  Jones was convicted of a D Felony, criminal possession of a controlled substance in the fifth degree, cocaine 500 milligrams.

36)     On April 02, 2009, Jones was arrested and charged with 2 counts of criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree, resisting arrest, and obstructing government administration in the second degree. Jones was convicted of a B Felony, criminal possession of a controlled substance, Crack cocaine.[6]

37)     Detectives have reason to believe, both through confidential information and ongoing observation, that Jones is still actively dealing narcotics.

38)     Claimant Reaves had no known criminal record prior to this incident.

---

[6] Records show Claimant Reaves was present during this arrest.

## POTENTIAL CLAIMANTS

39)    On or about July 5, 2018, the Syracuse, New York resident office of the DEA elected to adopt the property from the Onondaga County Sheriff's Office.  Task Force Agent Adam J. Rivers serves as the DEA Case Agent.

40)    On or about August 6, 2018, the DEA received an Administrative Claim for the defendant currency from Claimant Reaves, and referred the matter of its seizure and forfeiture for judicial action.

41)    Upon information and belief, Claimant Reaves is not in the military service, is not an infant, and is not an incompetent person.

42)    Upon information and belief, Claimant Reaves is unemployed and receives Social Security Administration benefits.

**WHEREFORE**, the United States of America requests:

43)    That a Warrant for Arrest *In Rem*, in the form submitted with this Complaint, be issued to the United States Marshal of the Northern District of New York or any subcontractor thereof and/or to any duly authorized law enforcement officer;

44)    That the Court direct any and all persons having any claim to the defendant currency to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Rule G of the Supplemental Rules, or suffer default thereof;

45)    That a judgment be entered declaring the defendant currency to be forfeited and condemned to the use and benefit of the United States of America; and

46)    That Plaintiff be awarded its costs and disbursements in this action and such other and further relief as this Court deems proper and just.

Dated: November 2, 2018    Respectfully Submitted,

           GRANT C. JAQUITH
           United States Attorney

       By:  /s/ Mary E. Langan
           Mary E. Langan
           Assistant United States Attorney
           Bar Roll No. 518971

# VERIFICATION

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF ONONDAGA | ) |

Adam J. Rivers, being duly sworn, deposes and states:

I am a Task Force Officer with the Drug Enforcement Administration.  I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers

Dated this 2nd day of November, 2018.

Adam J. Rivers, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this _____2nd_____ day of November 2018.

Notary Public

MICHELLE J. TROUBETARIS
Notary Public - State of New York
Qualified in Onondaga County
No. 01TR6152879
My Commission Expires September 25, 2022

≈ JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff   Onondaga
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mary E. Langan, Assistant U.S. Attorney (315) 448-0650
United States Attorney's Office, 100 South Clinton Street
Syracuse, New York 13261

## DEFENDANTS

$10,032.00 in U.S. Currency

County of Residence of First Listed Defendant   Onondaga
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 USC 881

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE                         DOCKET NUMBER

DATE   11/02/2018

SIGNATURE OF ATTORNEY OF RECORD   s/Mary E. Langan

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT  Waived          APPLYING IFP          JUDGE  BKS          MAG. JUDGE  TWD

5:18-CV-1285

[ Print ]   [ Save As... ]   [ Export as FDF ]   [ Retrieve FDF File ]   [ Reset ]